IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES                                                             PLAINTIFF/RESPONDENT

V.                                        No. 14-50036

RANDY BISE                                                    DEFENDANT/PETITIONER

**MAGISTRATE JUDGE REPORT and RECOMMENDATION**

Before the court is the Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. Section 2255 (Doc. 54) filed July 12, 2016. The United States of America filed a Response (Doc. 59) on August 15, 2016. The case was reassigned to the undersigned on April 10, 2018 and is ready for Report and Recommendation.

**I. Background**

On May 7, 2014, Randy BISE ("Bise") was named in a three-count Indictment filed in the United States District Court for the Western District of Arkansas. (Doc. 1). Counts One and Two charged Bise with Production of Child Pornography and Count Three charged him with Possessing Child Pornography. (PSR ¶¶ 1-3).

On June 16, 2014, Bise appeared with counsel before the Honorable Timothy L. Brooks for a change of plea hearing. (PSR ¶ 7). A written plea agreement was presented to the Court setting forth that Bise would agree to plead guilty to Count One and Two of the Indictment charging him with Production of Child Pornography as that term is defined in Title 18, United States Code, Section 2256, in or affecting interstate and foreign commerce by any means; all in violation of Title 18, United States Code, Sections 2251. (PSR¶ 1). Within the plea agreement,

paragraph 10 set out the statutory range for Counts One and Two, namely 15 to 30 years. (Doc. 16, pp.6-7).

On September 15, 2014, the Probation Office filed Bise's Final PSR with the Court. (Doc. 23). Overall the PSR guideline calculation reflected a guideline total offense level of 42 and criminal history category I, with an advisory guideline range of 360 to Life (which equated to 720 months due to the statutory max). (Doc 23, PSR, ¶ 85). The Government lodged two objections related to the grouping of Count 1 and 2. (See PSR Addendum) The net effect of the Government's objections added one level to the offense calculation, resulting in the advisory guideline range of Life or 720 months. Prior to sentencing, both the Government and the defendant, by and through Mr. Schisler, filed sentencing memorandums. The defense argued on Bise's behalf that a variance down to a sentence of the statutory minimum of 15 years was appropriate. (Doc. 26).

On November 6, 2014, Bise appeared for sentencing. (Doc. 23). At sentencing, the Court inquired if Bise was still satisfied with his counsel, which he indicated he was satisfied. (See Sentencing Minutes, Doc. 27). Additionally, the Court inquired of Bise if he and Mr. Schisler had a chance to read and discuss the PSR. (Id.). In addressing the outstanding objections, the Court ultimately granted the Government's grouping objection, despite argument against such by the defense, resulting in a guideline range of Life (720 months). However, the Court also granted the defendant's request for a downward variance, although not to the extent requested in the sentencing memorandum. (See Statement of Reasons, Doc 30). Specifically, Bise was sentenced to 30 years imprisonment that equated to sentence 30 years less than what the guidelines recommended. (Id). Bise ultimately appealed his sentence. However, the Eighth Circuit affirmed such and issued its mandate on October 7, 2015. (Doc. 53-1).

On July 13, 2016, Bise filed the instant Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 (the "§ 2255 Motion) contending he was denied effective assistance of counsel "during pretrial, trial, plea, sentencing, and direct appeal proceedings". (Doc. 26, p. 4).

## II. Discussion

**A. Ineffective Assistance of Counsel:**

The Sixth Amendment of the Constitution of the United States affords a criminal defendant with the right to assistance of counsel. *U.S. Const. amend. VI.* The Supreme Court "has recognized that 'the right to counsel is the right to effective assistance of counsel.' " *Strickland v. Washington*, 466 U.S. 668, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (citing *McMann v. Richardson*, 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255. *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000); 2254. *Cox v. Wyrick,* 642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." Id. at 694. see also, i.e. *United States v Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

To satisfy this "prejudice" prong, Defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome." *U.S. v. Rice*, 449 F.3d 887 at 897 (internal quotations omitted). Thus, it is not sufficient for a defendant to show that the error had some "conceivable effect" on the result of the proceeding because not every error that influences a proceeding undermines the reliability of the outcome of the proceeding. *Morales v. Ault*, 476 F.3d 545 (8th Cir.2007) (citing *Odem v. Hopkins*, 382 F.3d 846, 851 (8th Cir.2004)). Additionally, actual prejudice does not exist where a petitioner, at best, suffers the mere possibility of prejudice. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); *Prewitt v. United States*, 83 F.3d 812, 819 (7th Cir.1996) (mere possibility does not equal actual prejudice). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir.1999).

Also, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).

    **1. Failure to Investigate/Pretrial Discovery.**

The Petitioner contends that his attorney was ineffective for failing to conduct pretrial discovery and failure to investigate. (Doc. 58, p. 6). Counsel has a "duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Whitmore v. Lockhart*, 8 F.3d 614, 618-19 (8th Cir.1993) (*quoting Strickland*, 466 U.S. at 691).

On May 9, 2014, Bise was arraigned before the Honorable Erin Setser. (Doc 12-Text Only Minute Entry). At said hearing, defense counsel requested discovery in open court. (Id). The Petitioner's attorney completed an affidavit stating his efforts relating to discovery as follows:

> I reviewed discovery, including a lengthy videotaped statement made by Mr. Bise to the police after being advised of his Miranda rights, in which he confessed to taking the pictures at issue, and to having had the minor victim's penis in his mouth briefly. I reviewed the images in question and concluded they were child pornography. I reviewed the means by which law enforcement became aware of the images and determined the discovery of the images was lawful. The images were provided by a private citizen who found the images on Mr. Bise's phone, sent them to his own phone, and then showed the images to his father, who then advised police. After a review of the evidence, and the elements the government would have to prove at trial, I advised Mr. Bise a plea was a better option than going to trial.

The Petitioner's sets forth no specific allegation against his attorney concerning his deficient investigation and his allegations are conclusory in nature. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.) ("vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. ' 2255"), cert. denied, 479 U.S. 965 (1986); *Voytik v. United States,* 778 F.2d 1306, 1308B10 (8th Cir.1985) (no evidentiary hearing required where prisoner failed to make specific, non-conclusory allegations); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to dismissal); *Smith*

*v. United States*, 618 F.2d 507, 510 (8th Cir.1980) (wholly conclusory claims will not suffice to command an evidentiary hearing).

### 2. Motion to Suppress

The Petitioner contends his attorney was ineffective for failing to file a Motion to Suppress the photos located on his phone. (Doc. 58, p. 6). The petitioner asserts that "counsel simple accepted the evidence of the government, without any challenging whatsoever, and advised Bise to plea guilty." (Id.).

The affidavit supporting the original search warrant provided that a sibling of the eight year old victim "observed on Bise's cellular phone (iphone) numerous pornographic images of the minor male victim. The sibling in turn "text" messaged the images to his own phone and showed them to his father." (Doc. 1, p. 3). A search warrant was obtained and executed on the Petitioner's phone, the images were located and the Petitioner made Post-Miranda admissions to taking the pictures and "placing the minor's penis in his mouth." (Id.)

An image or photograph can be authenticated based on the contents of the image itself. In this case, the minor was identified by his brother/family in the images charged. The images themselves were retrieved by the victim's brother from the defendant's phone. The Petitioner does not set forth any factual basis which would support a motion to suppress nor is there any basis in the record to justify the filing of a motion to suppress. It cannot be ineffective assistance not to raise a meritless argument. Larson v. U.S. 905 F.2d 218, 219 (C.A.8 (Minn.),1990).

### 3. Voluntary Plea:

The Petitioner contends that his attorney was ineffective by "failing to fully explain to Bise the consequences of his guilty plea." (Doc. 58, p. 7).

To be constitutionally valid, a guilty plea must be knowing, voluntary, and intelligent,

and because a guilty plea constitutes a waiver of various constitutional rights, it must be made with sufficient awareness of relevant circumstances and likely consequences. *See, e.g., United States v. Martinez-Cruz*, 186 F.3d 1102, 1104 (8th Cir. 1999). At the same time, an accused's representations during plea-taking, such as those concerning the voluntariness of the plea, carry a strong presumption of veracity. *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997).

First of all the defendant was advised of the penalties he faced at arraignment. Secondly, the statutory penalties were specifically listed in Bise's plea agreement, which he verified on the record that he read and discussed with his attorney. (Doc 15-16). Moreover, the Court itself went over such prior to accepting the defendant's plea. (Doc. 15). Lastly, Bise, at sentencing, still maintained he was satisfied with his counsel, which would not have been the case if he had been unaware that the penalty for pleading guilty is 15-30 years per count. (Doc. 27).

A defendant's in-court statements that his plea is entered into knowingly and voluntarily are accorded a presumption of correctness. *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977). Once a person has entered a guilty plea, any "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

The Petitioner now contends that his plea was not voluntary because his attorney did not advise him "that he could get no where near 360 months by pleading guilty. (Doc. 58, p. 7). The law in this circuit is clear that a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences. *Thomas v. United States*, 27 F.3d 321, 326 (8th Cir.1994). Furthermore, a defendant's reliance on an attorney's mistaken impression about the length of sentence is insufficient to render a plea involuntary as long as the court informed the defendant of his maximum possible sentence. See *Roberson v.*

*United States*, 901 F.2d 1475, 1478 (8th Cir.1990).  See also *United States v. Spears*, 235 F.3d 1150, 1152 (8th Cir.2001) (holding that a defendant's guilty plea was "knowing and voluntary," despite "any confusion about how he would fare under the Sentencing Guidelines").

The Petitioner's claim that his plea was not voluntary is without merit.

**4. Sentencing**

The Petitioner contends his attorney was ineffective because the Presentencing Investigation Report recommended numerous enhancements that his attorney failed to investigate and argue properly. (Doc.58, p. 8).

The Petitioner's Brief contains no factual basis on this argument at all or relates how counsel was to disprove the enhancements. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also  Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . ." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Voytik v.United States*, 778 F.2d 1306, 1308 (8th Cir.1985); see also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

**5. Appeal**

While the Petitioner contends in his Motion to Vacate (Doc. 54) that he received ineffective assistance from his appeal counsel he does not raise this issue in his Memorandum Brief (Doc. 55) and it is deemed waived.

**B. Evidentiary Hearing:**

Petitioner does not state grounds sufficient to require an evidentiary hearing. An

evidentiary hearing on a habeas motion must be granted unless the motion, files and records of the case establish conclusively that the petitioner is not entitled to relief. *Kingsberry v.United States*, 202 F.3d 1030, 1032 (8th Cir. 2000) A § 2255 motion can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir.1998). "There is no requirement of a hearing where the claim[s] [are] based solely on vague, conclusory, or palpably incredible allegations or unsupported generalizations." *Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), cert. denied, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988). *Sidebottom v. Delo* 46 F.3d 744, 751 (C.A.8 (Mo.),1995)

The court finds that the record of the case does establish conclusively that the Petitioner is not entitled to an Evidentiary Hearing.

## C. Certificate of Appealability:

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). In this case the Defendant has not made a substantial showing of the denial of a constitutional right. Accordingly, it is recommended that the Court should deny any request for a certificate of appealability.

### III. Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

/s/ J. Marschewski
James R. Marschewski
United States Magistrate Judge